IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. VELAZQUEZ-GONZALEZ<br>Plaintiff<br>vs<br>RAFAEL PINA, d/b/a PINA RECORDS; PINA ENTERTAINMENT GROUP, RAP RECORDS; PINA MUSIC, INC.; PINA ARTISTIC MANAGEMENT; PINA INDUSTRIES; MAFER MUSIC PUBLISHING, INC.' SONY/ATV DISCOS MUSIC PUBLISHING; UNIVERSAL MUSIC LATINO; UNIVERSAL MUSIC DISTRIBUTION CORP.' JOSE NIEVES JAIME p/k/a "R.K.M.;" KENNY VAZQUEZ, p/k/a "KEN-Y;" and XYZ INSURANCE CO.<br>Defendants | CIVIL 07-1512CCC |

## REQUEST TO THE REGISTER OF COPYRIGHTS PURSUANT TO 17 U.S.C.§411(B)(2)

Federal jurisdiction in the action arises from allegations of copyright infringement of the musical composition entitled "Amiga Mía." Plaintiff Luis Velázquez alleges that the "defendants have illegally and without Plaintiff's authorization, manufactured and/or distributed; publicly performed; facilitated and/ or induced the unauthorized manufacturing and/or distribution of unauthorized copies and/or derivative works of the Composition." Second Amended Complaint, docket entry 20, ¶1.

Before the Court is a Motion for Summary Judgment filed by defendants José Nieves-Jaime and Kenny Vázquez, authors/composers of "Amiga Mía." Among movants' contentions is the invalidity of the plaintiff's copyright because he failed to provide the Copyright Office with facts that, if known, would have caused the rejection of the registration by the Copyright Office. Because federal jurisdiction is dependent upon the validity of

plaintiff's copyright, the Court hereby requests advice from the Register of Copyrights, pursuant to 17 U.S.C.§411(b)(2).[1]

On August 22, 2004 plaintiff Velázquez entered into an agreement entitled "License for Recording of Artistic Performances and Acceptance of Work for Hire," as "Producer" with defendants José Nieves and Kenny Vázquez, respectively, as artists. Although the title includes the phrase "work for hire," it does not meet the definition of a "work made for hire" found in 17 U.S.C. §101,[2] in that the song had been composed prior to the parties' agreement. It is undisputed that Nieves and Vázquez are the authors/composers of "Amiga Mía."

On January 3, 3007, plaintiff's attorney, Yolanda Alvarez, submitted an application for a Certificate of Registration of copyright on his behalf as Copyright Claimant, for the composition "Amiga Mía." The certificate falsely identifies Velázquez as the author–creator of the words and music. It makes no mention of the license agreement with the true authors.

---

[1] 17 U.S.C. §411 provides, in pertinent part:

(b)(1) A certificate of registration satisfies the requirement of this section a ... regardless of whether the certificate contains any inaccurate information unless–

(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and

(B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

(2) In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

[2] Section101 defines a "work made for hire" as (1) a work prepared by an employee within the scope of his or her employment; or (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work.

Velázquez filed this action for copyright infringement and supplemental claims on June 14, 2007.  Over the course of litigation, it became clear Nieves and Vázquez are challenging plaintiff's contention that all rights and interests in the composition "Amiga Mía" were transferred to Velázquez pursuant to the License for Recording of Artistic Performances.  Notwithstanding that the composers deny having assigned the rights to the composition, thereby placing such ownership rights in issue, on March 7, 2008, Velázquez, again through his attorney, filed a supplementary Certificate of Registration, this time correctly identifying the authors as Vázquez and Nieves.  As to "Explanation of Correction," plaintiff states that, "The authors of the work are Kenny Vázquez and José M. Nieves, who transferred their rights over the composition to Luis A. Velázquez."  In sum, Velázquez failed to advise the Register of Copyrights that there was a lawsuit challenging his claim of ownership of all rights in the composition.

For the above-stated reasons, the Court seeks the advice of the Register of Copyrights, to be provided by July 21, 2009, on whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration:

> I. As to the original Certificate of Registration:  Three misrepresentations by Velázquez are contained therein: (1) identifying himself as the author; (2) claiming he created the words and music; and (3) failing to notify that the licensing agreement is the source of his alleged rights over the composition. Although plaintiff certainly knew he was not the composer of the words and music and any rights in the composition flowed from the agreement, he claims that the misstatements and the omission were "inadvertent."
>
> II. As to the Supplementary Certificate of Registration:  Plaintiff avers that he "is the sole and exclusive owner of the Composition and has the exclusive right to reproduce, copy, publicly perform, prepare derivative works, and distribute it."  The authors deny and reject Velázquez' claim of ownership of all rights to the composition. This issue is at the center of the lawsuit before the court. Notwithstanding that there was a dispute as to the ownership rights to "Amiga Mía," plaintiff failed to inform the Register of Copyrights in his supplementary application that he did not have a clear title to the ownership rights.

The Clerk of Court shall notify this Request to all parties and to the Register of Copyrights as follows:

David O. Carson,
General Counsel
U.S. Copyright Office
Copyright GC/I&R
P.O. Box 70400
Washington, D.C., 20024

SO ORDERED.

At San Juan, Puerto Rico, on June 1, 2009.

                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge