IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. VELÁZQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL PINA, ET AL,<br><br>Defendants. | CIVIL NO: 07-1512 (CCC)<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**JOINT REPLY TO RESPONSE OF THE REGISTER OF COPYRIGHTS**

TO THE HONORABLE COURT:

Come now defendants Sony/ATV Discos Music Publishing LLC ("Sony/ATV"), Rafael Pina, Rap Records, Mafer Music Publishing (jointly "Pina"), and Universal Music Latino ("UML") and aver and pray as follows:

On July 9, 2009, the Register of Copyrights submitted a "Response of the Register of Copyrights To Order Pursuant To 17 U.S.C. §411(B)(2)" ("*Response*") [Docket No. 109]. The *Response* discusses the procedures for filing and amending a claim of copyright. The *Response* also frames the matter of registration in the context of Plaintiff's initial application and amended application, and whether claimant is the initial owner (work-for-hire) or acquired ownership through transfer.

Plaintiff's claim of ownership is based on a certain "License for Recording of Artistic Performances and Work for Hire" signed on August 22, 2004 (the "Agreement"). However, the

song *Amiga Mía* cannot be deemed a work-for-hire because it was composed prior to the Agreement. *Response*, p.4 and fn.3 and Supplementary Registration. [Docket 81-20][1] This fact is uncontested as Plaintiff alleges that he received the recording and later presented the Agreement to codefendants Nieves and Vazquez for their signature. See paragraphs 7 through 14 of Plaintiff's Statement of Facts in the Pretrial Order [Docket No.93].

The Response explains that because *Amiga Mía* was not a work-for-hire, Plaintiff's only grounds for a claim of ownership must be an assignment of the composition. *Response*, p.4. In fact, the Copyright Act requires that a transfer or assignment of a copyright interest be in writing, signed by the owner of the rights conveyed or by his agent.[2] Furthermore, a writing memorializing transfer of copyright ownership must clearly and unambiguously describe the copyright interest being transferred.[3] Where a contract does not mention transfer of ownership of the copyright to a musical composition, the contract will be deemed merely a recording contract. See *Pamfiloff v. Giant Records, Inc.*, 794 F. Supp. 933, 935-36 (N.D.

---

[1] "The authors of the work are Kenny Vazquez and Jose M. Nieves who transferred their rights ..."
[2] "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a)
[3] See *Venegas-Hernandez v. Peer*, Nos. Civ. 01-1215, Civ. 01-2186, 2004 WL 3686337 (D.P.R. 2004), aff'd in part and remanded on other grounds, 424 F.3d 50 (1st Cir. 2005); *Papa's-June Music v. McLean*, 921 F. Supp. 1154 (S.D.N.Y. 1996); *Foraste v. Brown Univ.*, 290 F. Supp. 2d 234, 240 (D.R.I.

Cal. 1992).

The *Response* goes on to explain that once the Court has evaluated the evidence, if the Court concludes that Plaintiff is not the copyright owner of *Amiga Mía*, the Court may order Plaintiff to cancel his registration. *Response*, p. 6. Sony/ATV, Pina and UML submit that such relief is appropriate in the present case. In fact, the Court can assess from the August 2004 Agreement that it does not even purport to be an assignment of a composition, and thus fails to satisfy the most basic statutory requirement.

WHEREFORE, the appearing defendants respectfully request that this Honorable Court take note of our comments to the Register's helpful response and proceed to dismiss the Complaint and, pursuant to 37 C.F.R. 201.7., order Plaintiff to request that the Copyright Office cancel his registration.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico, on this day July 15, 2009.

CERTIFICATE OF SERVICE: I hereby certify that the forgoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will in turn send notification of such filing to all counsel of record.

---

2003).

*Attorneys for Sony/ATV Discos Music Publishing LLC*

LOEB & LOEB LLP
Barry I. Slotnick
Tal E. Dickstein
345 Park Avenue
New York, New York 10154-1895
Tel. (212) 407-4000

ADSUAR MUNIZ GOYCO SEDA & PEREZ OCHOA, P.S.C.

S/KATARINA STIPEC
(USDC No. 206611)
P.O. Box 70294
San Juan, PR 00936-8294
Tel.: (787) 756-9000 Fax (787) 756-9010
kstipec@amgprlaw.com


*Attorneys for UCM*

GOLDMAN ANTONETTI& CORDOVA, P.S.C

S/EDGARDO COLÓN ARRARAS
(USDC No. 129612)
P.O. Box 70364
San Juan, PR 00936-8364
Tel (787) 759-4141; Fax (787) 753-0109
ecolon@gaclaw.com


*Attorneys for Pina*

PRADO NUÑEZ & ASSOCIATES, P.S.C.

S/EDWIN PRADO GALARZA
(USDC No. 208804)
Del Parque Street 403
8th Floor
Santurce, PR 00907
Tel (787) 977-1411 Fax (787) 977-1410
pradolaw@aol.com