```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| LUIS A. VELÁZQUEZ GONZÁLEZ<br><br>Plaintiff<br><br>v.<br><br>RAFAEL PINA; ET AL,<br><br>Defendants | CIVIL NO. 07-1512 (CCC)<br><br>**REQUEST FOR TRIAL BY JURY**<br><br>**COPYRIGHT INFRINGEMENT;<br>BREACH OF CONTRACT;<br>COLLECTION OF MONIES;<br>DAMAGES AND TORTIOUS<br>INTERFERENCE** |

**RESPONSE TO DEFENDANTS' JOINT REPLY
TO RESPONSE TO THE REGISTER OF COPYRIGHTS**

**TO THE HONORABLE COURT:**

COMES NOW plaintiff, Luis A. Velázquez González, through his undersigned attorneys, and respectfully states and requests:

On July 15, 2009 all defendants jointly filed a Reply to Response of the Register of Copyrights [Dkt. 110], once again requesting that the present action be dismissed, based on allegations previously presented to this Honorable Court.

Contrary to what defendants explained in their motion, the Register of Copyrights (the "Register") did not frame the matter of registration in the context of plaintiff's initial application and amended application, and as to whether the plaintiff is the initial owner or acquired ownership through transfer, but rather addressed two controversies.

Register answered the two questions inquired by this Honorable Court as to: (1) whether the Copyright Office would have refused registration if it had known that plaintiff was not the author of the

composition *Amiga Mía*, and (2) whether the Copyright Office would have refused the supplementary registration if it had known that plaintiff was involved in litigation, disputing the validity of the signed transfer agreement.

The Register stated that the Copyright Office would have no reason to question whether plaintiff was the author or copyright owner of the composition.[1] With regards to the second question, the Register affirmed that the supplementary registration would have been accepted, notwithstanding knowledge that the facts related in the application were in dispute. Hence, there is no doubt that <u>plaintiff has a valid registration</u>.

On the other hand, defendants sustained that *Amiga Mía* cannot be deemed a work made for hire because it was composed prior to the agreement, in which defendants Nieves and Vázquez assigned to plaintiff all title and interest over the composition and its corresponding master. Nonetheless, defendants failed to properly sustain their allegation.

In fact, their assertion relies in a footnote from the Register of Copyrights' response, which is clearly an assumption.[2] The issue

---

[1] "…For example, it is unclear to this day, and the case law has not directly addressed, whether sound recordings can qualify as works made for hire in cases where they were not made by employees within the scope of their employment. In light of that legal uncertainty, <u>the Copyright Office does not question applications for registrations of copyrights in sound recordings that recite that a sound recording is a work made for hire, and at least unless and until that issue is definitely resolved in the courts, the Office would not take the categorical position that a sound recording commissioned by a record company for inclusion in a record album or CD cannot be a work made for hire</u>". In this case, the courts have not yet decided upon the issue of whether the making of the Composition is a work made for hire or not, therefore the Register of Copyrights makes an incorrect assumption since this matter has not been decided yet…" [Page 4; Footnote 3]

[2] "…**It appears** that the Court has concluded that *Amiga Mia* is not a work made for hire because it was composed prior to any agreement between its authors and Mr. Velázquez" [Page 4; Footnote 3]

pertaining to the time in which the composition was created is not based on any legal findings. Furthermore, the Copyright Act provides for the ratification of oral agreements. "The writing requirement of 17 U.S.C.S § 101(2) can be met by a writing executed <u>after</u> the work is created, if the writing confirms a prior agreement, either explicit or implicit, made before the creation of the work" *Playboy Enters. v. Dumas, 53 F.3d 549 (2d Cir. 1995)*.

A review of the applicable provisions for works made for hire demonstrate that defendants' allegations are incorrect and are taken out of context. According to Section 101 of the Copyright Act, "work made for hire" is defined as: "(a) a work prepared by an employee within the scope of his or her employment; or (2) a work <u>specially ordered or commissioned</u>.[3] In addition, Section 201(b) of the Copyright Act provides that "the employer or other person <u>for whom the work was prepared is considered the author</u> for purposes of this title, and, <u>unless the parties have expressly agreed otherwise in a written instrument</u> signed by them, <u>owns all the rights comprised in the copyright</u>" (Emphasis supplied).

The Copyright Act also imposes two requirements to create a work made for hire <u>for specially commissioned works</u>. <u>First</u>, Section 101 limits the creation of a work made for hire to nine (9) enumerated categories and, <u>second</u>, the parties must agree in a written instrument that the work shall be considered a "work made for hire", because in

---

[3] An independent contractor is defined as [o]ne who renders service in the course of independent employment or occupation, and who follows employer's desires only as to result of work, and not as to means whereby it is to be accomplished. Black Law Dictionary 693 (5th ed. 1979) – Leaffer Marshall A., <u>Understanding Copyright Law</u>, Fourth Edition, LexisNexis, 2005.

the absence of it the independent contractor will be the author of the commissioned work.

In the present case, plaintiff clearly commissioned the work to codefendants Nieves and Vázquez. As previously indicated, plaintiff requested both the creation and recording of a new composition (later known as *Amiga Mía*) in exchange of an old song that was formerly tendered to plaintiff for the same purposes. Nonetheless, as it has previously stated, all the parties involved were unknowledgeable of music legal terms. Plaintiff, in order to protect his rights, requested that codefendants Nieves and Vázquez sign a contract in which they recognize that the song belongs exclusively to plaintiff. They voluntarily signed the mentioned agreement.

Nevertheless, since the recording and creation of a composition is not among the nine (9) categories under the work made for hire provision, plaintiff's actions were correct. First, he procured to have a signed document which demonstrates his ownership of the composition. Second, he corrected the application through a supplementary registration, identifying himself as the claimant, since it is unclear, under the work made for hire provisions, whether he can be deemed as the author[4].

On the other hand, defendants insist in ignoring that the December 22, 2006 letter ratifies and/or memorializes the written agreement that took place on August 22, 2004; the latter ratifies the verbal agreement between the parties. Such letter, sent by defendants Nieves and Vázquez's then duly authorized agent, also clearly identifies the

---

[4] Likewise, the Copyright Office explained this issue in its response to the Honorable Court.

copyright interest being transferred. There can be no doubt that they created the composition for the plaintiff and the agreement transferred all title and interest over the same.

Defendants continue to file trifling motions to this Honorable Court with repetitive allegations regarding the ownership of the composition, even when the Register of Copyrights does not address this issue, since it is not under its jurisdiction.

Therefore, there is no valid argument from defendants in order to request this Honorable Court to dismiss the complaint. In fact, the allegations are trivial since defendants are making erroneous representations of the Response of the Register of Copyrights to Order Pursuant to 17 U.S.C. § 411(b)(2).

I HEREBY CERTIFY that on this same date copy of this document was electronically filed with the Clerk of the Court using the CM/ECF System, which will notify counsels of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 29th day of July, 2009.

Ferraiuoli, Torres, Marchand & Rovira, PSC
221 Plaza, Suite 403
221 Ponce de León Avenue
San Juan, Puerto Rico 00917
Tel: 787-766-7000; Fax: 787-766-7001

S/Yolanda Álvarez-Cruz
USDC-PR 223509
e-mail: yalvarez@ftmrlaw.com