IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. VELAZQUEZ-GONZALEZ<br><br>Plaintiff<br><br>vs<br><br>RAFAEL PINA; RAFAEL PINA d/b/a PINA RECORDS, PINA ENTERTAINMENT GROUP; RAP RECORDS; PINA MUSIC, INC.; PINA ARTISTIC MANAGEMENT; PINA INDUSTRIES; MAFER MUSIC PUBLISHING, INC., SONY/ATV DISCOS MUSIC PUBLISHING; UNIVERSAL MUSIC LATINO; UNIVERSAL MUSIC DISTRIBUTION CORP.; JOSE NIEVES JAIME p/k/a "R.K.M."; KENNY VAZQUEZ p/k/a "KEN-Y", AND XYZ INSURANCE CO.,<br><br>Defendants | CIVIL 07-1512CCC |

# **O R D E R**

Having considered the two Motions for Summary Judgment filed by defendant Universal Music Latino(UML) **(docket entry 73)** and by defendants José Nieves Jaime and Kenny Vázquez **(docket entry 74)**, artistically known as R.K.M. and Ken-Y, plaintiff's oppositions (docket entries 80 and 82 respectively**)** and the movants' replies (docket entries 87 and 90, respectively), and having considered the Response of the Register of Copyrights to Order Pursuant to 17 U.S.C. §411(b)(2), which provides:

> (2) In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

The defendants filed a Joint Reply to Response of the Register of Copyrights (docket entry 110), to which plaintiff filed a Response (docket entry111) and defendants replied (docket entry 114), which were all considered.

Further considering that the facts relevant to the jurisdictional inquiry are intertwined with the merits of plaintiff's ownership claim which is based on the License Agreement of

CIVIL 07-1512CCC                              2

August 24, 2004 as to which there are issues of material fact, summary judgment is inappropriate as to the infringement claim and the supplemental claims.

The award of punitive damages under the Copyright Act, which plaintiff requests, has been rejected by those Courts that have addressed the matter.  See, e.g., On Davis v. The Gap, Inc., 246 F.3d. 152, 172 (2nd Cir. 2001); Budget Cinema, Inc. v. Water Associates, 81 F.3d. 635, 643 (7th Cir. 1996); Mon Cheri Bridals v. Wu, 2008 WL 4534191 5* (D. NJ 2008); Wood v. Houghton Mifflin Harcourt Pub. Co., 589 F. Supp. 2d 1230, 1252 (D. Colo 2008); Patriot Homes, Inc. v. Forest River Housing, Inc., 489 F. Supp. 2d 865,874 (N.D. Ind. 2007).  See, also, 4 Nimmer §14.02[B], at 14-23 to 24.  (The cases are clear that exemplary or punitive damages should not be awarded in a statutory copyright infringement action.")

Velázquez cites TVT Records v. Island Defendant Jam Music Group, 262 F. Supp. 2d 185 (S.D.N.Y. 2003) in support of awarding statutory damages.  He states that, although a jury awarded punitive damages on the infringement claim, plaintiff TVT Records elected to receive statutory damages instead.  That award of punitive damages, however, is contrary to the settled law of the Second Circuit Court of Appeals.

Accordingly, the Motions for Summary Judgment **(docket entries 73 and 74)** are granted in part and denied in part.  Summary Judgment is GRANTED as to the claim for punitive damages, which is DISMISSED.  The motions are DENIED as to the copyright infringement claim and the supplemental claims under Puerto Rico law.

SO ORDERED.

At San Juan, Puerto Rico, on August 4, 2009.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge